F I L E D
Clerk
District Court

SEP 29 2009

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Anna Y. Park, CA 164242
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, 4th Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
Email: lado.legal@eeoc.gov

Gregory L. McClinton, CA 153553
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
300 Ala Moana Boulevard, Suite 7-127
Honolulu, Hawaii 96850
Telephone: (808)541-3122
Facsimile: (808)541-3390
Email: Gregory.McClinton@eeoc.gov

Attorneys for Plaintiff
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> Pacific Airport Services, Inc., and DOES 1-10 inclusive. <br><br> Defendant(s). | Civil Action No.: CV 09 - 0039 <br><br> **COMPLAINT AND JURY TRIAL DEMAND; SUMMONS** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices. The United States Equal Employment Opportunity Commission ("Plaintiff" or

"Commission") alleges that Defendant Pacific Airport Services, Inc., "PAS" and Does 1 - 10 ("Defendant") subjected Charging Party Brenda Ann Muna and other similarly situated individuals to sexual harassment on the basis of sex, female, resulting in a hostile work environment and constructive discharge.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.

2. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) and Section 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of the Northern Mariana Islands.

## PARTIES

4. Plaintiff, United States Equal Employment Opportunity Commission, is the federal agency charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) and Section 707 of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. At all relevant times, Defendant has been continuously doing business in Saipan and in the jurisdiction of the United States District Court of the Northern Mariana Islands. At all relevant times, Defendant has continuously employed fifteen (15) or more persons.

6. At all relevant times, Defendant has continuously engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h).

7. Plaintiff is ignorant of the true names and capacities of Defendants sued as Does 1 through 10, inclusive. Therefore, Plaintiff sues said Defendants by such fictitious names. Plaintiff reserves the right to amend the complaint to name the Doe Defendants as they become known. Plaintiff alleges that each of the Defendants named as Doe Defendants was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when Plaintiff has ascertained the identity of the Doe Defendants.

8. It is further alleged on information and belief that the named and unnamed Defendants in this complaint are alter egos, joint employers, and/or integrated enterprises of each other.

9. All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as successor, agent, employee, or under the direction and control of the others, except as otherwise specifically alleged. The alleged acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the other Defendants' unlawful acts and omissions alleged in this complaint. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

## STATEMENT OF CLAIMS

10. More than thirty days prior to the filing of this lawsuit, Brenda Ann Muna filed a charge with the Commission alleging that Defendants violated Title VII. The Commission investigated and issued a Letter of Determination. The

Commission found that Defendant subjected Brenda Ann Muna and other similarly situated employees to a hostile work environment on the basis of sex, female. The Commission also found that Defendant constructively discharged as a result of its failure to take effective remedial action regarding the hostile work environment.

11. Since at least August 20, 2006, Defendant has engaged in unlawful employment practices and in a pattern of such practices in violation of Section 703 and 707 of Title VII, 42 U.S.C. § 2000e-2. Defendant subjected Brenda Ann Muna and other similarly situated employees to sexual harassment resulting in a sexually hostile work environment. The sexual harassment included, but was not limited to, sexually charged and/or suggestive speech and/or conduct such as unwelcome physical touching by supervisor David Flores ("Flores"), Defendant's manager. Flores slapped Muna and other female employees on their buttocks with his hand. Further, Flores asked Muna in a sexually suggestive matter "can I do you", "why don't you try my dick", "can I touch your breast", purposely placed his pelvic area near Brenda Ann Muna's face and made other sexually suggestive comments and acts.

12. Flores also sexually harassed Jeding Matagolai by, for example, requesting in a sexually suggestive matter that she sit on his lap and telling her she had a "nice ass."

13. Brenda Ann Muna complained of the sexual harassment to her supervisor and other management officials of the Defendant. Yet, despite Brenda Ann Muna's complaints, Defendant took no action against Flores.

14. On or about August 2006, Brenda Ann Muna wrote a letter to Defendant's president complaining about the continued sexual harassment. She told the Defendant that she could no longer tolerate her working conditions. Although Defendant allegedly conducted an investigation into Brenda Ann Muna's complaints, the result still required her to be supervised by Flores.

Finally, due to lack of action into Brenda Muna complaints, she was compelled to submit her resignation on January 24, 2007.

15. The effect of the practices complained as described above has been to deprive Brenda Ann Muna and other similarly situated employees of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex, female.

16. The unlawful employment practices described in paragraphs 10 through 14 above were intentional.

17. As a direct and proximate result of the acts of Defendant, as described above, Brenda Ann Muna and similarly situated employees have suffered pain and suffering, inconvenience, loss of enjoyment of life, humiliation and damages, all to be proven at trial.

18. As a direct and proximate result of Defendant's acts as described above, Brenda Ann Muna and similarly situated employees suffered a loss of earnings in an amount to be proven at trial.

19. The unlawful employment practices described above were done with malice or with reckless indifference to the federally protected rights of Brenda Ann Muna and similarly situated employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its respective officers, successors, assigns, agents, and all persons in active concert or participation with them, from engaging in any employment practices, including sexual harassment, which discriminate on the basis of sex;

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities, and which eradicate the effects of its past and present unlawful employment practices;

1        C.    Order Defendant to make whole Brenda Ann Muna and similarly situated aggrieved employees by providing them appropriate back pay with prejudgment interest, and front pay in amounts to be determined at trial, other past and future pecuniary losses, and/or other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices;

      D.    Order Defendant to make whole Brenda Ann Muna and similarly situated aggrieved employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained as described above, including, but not limited to pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

      E.    Order Defendant to pay Brenda Ann Muna and similarly situated aggrieved employees punitive damages for its malicious and /or reckless conduct as described above, in amounts to be determined at trial;

      F.    Grant such further relief as the Court deems necessary and proper in the public interest; and

      G.    Award the Commission its costs of this action.

//
//
//
//
//
//
//
//
//
//
//
//

# JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

                JAMES LEE
                Acting General Counsel

                GWENDOLYN YOUNG REAMS
                Associate General Counsel

                U.S. Equal Employment Opportunity Commission
                1801 L Street, N.W.
                Washington, DC 20507

Date: September 28, 2009    BY: _____

                ANNA Y. PARK
                Regional Attorney

                MICHAEL FARRELL
                Supervisory Trial Attorney

                GREGORY L. McCLINTON
                Senior Trial Attorney

                U.S. Equal Employment Opportunity Commission
                Los Angeles District Office